CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
burrow@caldwell-leslie.com
JEANNE A. FUGATE, State Bar No. 236341
fugate@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

Attorneys for Plaintiff and Counter-Defendant
UNIVERSAL STUDIOS INTERNATIONAL B.V.
and Plaintiff UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL STUDIOS INTERNATIONAL B.V., a Netherlands corporation, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware Limited Liability Limited Partnership<br><br>               Plaintiffs,<br><br>      vs.<br><br>ENTERTAINMENT TELEVISION NETWORK FZE, a United Arab Emirates corporation,<br><br>            Defendant. | Case No.: CV09 01348 GAF (FFM)<br><br>Hon. Gary A. Feess<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**<br><br><br>**NOTE CHANGES MADE BY COURT** |
| ENTERTAINMENT TELEVISION NETWORK FZE<br><br>            Counter-Claimant<br><br>      v.<br><br>UNIVERSAL STUDIOS INTERNATIONAL B.V.<br><br>           Counter-Defendant | |

CALDWELL
LESLIE &
PROCTOR

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counter-Defendant Universal Studios International, B.V. ("USI") and Plaintiff Universal City Studios Productions LLLP ("UCSP") (collectively "Plaintiffs") and Defendant and Counterclaimant Entertainment Television Network FZE ("ETN") (the parties shall be referred to collectively as the "Parties"), BY AND THROUGH THEIR UNDERSIGNED COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE TO THE REQUEST FOR, AND ENTRY OF, THE FOLLOWING STIPULATED PROTECTIVE ORDER:

1.   Parties and third parties may designate any Document, including answers to interrogatories and requests for admissions, documents obtained by inspection of files or facilities or by production of documents, or any portion of any Document, as well as any Transcript and exhibits thereto, produced or filed in this proceeding, as "Confidential" as long as they contain Confidential Information as defined in Paragraph 2 below.

(a)   "Document" shall mean any papers, tapes, documents, disks, diskettes, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all non-identical copies thereof.

(b)   "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition, or hearing.

2.   For purposes of this Stipulated Protective Order, "Confidential Information" shall mean (1) revenues earned by the Parties in connection with licensing entertainment products in India; (2) costs incurred by the Parties in connection with licensing entertainment products in India; (3) current and future net income realized by the Parties in connection with licensing entertainment products in India; (4) consideration paid by or to the Parties to third parties for licensing and other rights; (5) financial terms of agreements between USI and

CALDWELL
LESLIE &
PROCTOR

-1-

ENTV or other third parties that concern licensing entertainment products in India; (6) financial records; (7) license agreements with other providers; (8) business plans; and (9) any information otherwise protectable as a trade secret pursuant to Section 3426.1 of the California Civil Code.

3.    Confidential Information shall be used only for the purpose of litigation of this action and shall not be used for any other purpose whatsoever.

4.    For purposes of this Stipulated Protective Order, "Qualified Persons" shall mean the following:

(a)    Counsel for any Party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

(b)    Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)    Any Party to this action, including but not limited to any partner, employee or representative thereof, who has, prior to the disclosure of any information designated as Confidential, signed the statement attached hereto as Exhibit "A" (which is to be maintained by counsel of record for that Party) attesting to the fact that he or she has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

(d)    Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

CALDWELL
LESLIE &
PROCTOR

-2-

(e)    Independent experts or consultants (not regularly employed by or otherwise associated with a Party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, provided that disclosure of Confidential Information to such experts or consultants shall be made only on the following conditions:

(i)    Prior to any Confidential Information being disclosed to any expert, consultant or witness, counsel of record shall be required to obtain from said expert, consultant or witness a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that Party), attesting to the fact that the expert, consultant or witness has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

(ii)    In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(f)    Outside copy and litigation support vendors, provided they agree to be bound by this Protective Order.

5.    Information designated as Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to Qualified Persons.

6.    The Party or third party seeking protection may designate information as "Confidential" by placing or affixing to the Document or Transcript, prior to production, the notation "Confidential."  Such designation shall constitute a representation by counsel for the Party or third party making the designation that the Document or the Transcript, or any portion thereof so designated, constitutes Confidential Information as defined in Paragraph 2 of this Stipulated Protective Order.

CALDWELL
LESLIE &
PROCTOR

-3-

(a)     An inadvertent failure to designate an item as Confidential shall not be deemed a waiver of the rights afforded by this Protective Order.  A Party or third party that inadvertently fails to mark an item as Confidential at the time of production may thereafter inform the other Parties of the error and designate the item Confidential at that time.  Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents appropriately marked as Confidential.  Upon receipt of the substitute copies, the receiving party shall treat the item according to its Confidential designation until further written agreement of the parties or order of the Court.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof.

(b)     All items produced prior to the filing and entry of this Stipulated Protective Order may be designated as Confidential within fifteen (15) days of the filing and entry.

7.     If a Party wishes to designate testimony or an exhibit as Confidential during the course of a deposition in this action, it shall do so by stating such designation on the record.  Counsel for the Party designating the testimony or exhibit as Confidential shall make reasonable arrangements to have only Qualified Persons present during the Confidential testimony and/or presentation, quotation or reference to the Confidential exhibit.

8.     When Confidential Information is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "Confidential" those portions of the Transcript containing such Confidential Information and only those portions containing such Confidential Information.   Such designated portions of the Transcripts (and all copies thereof) shall thereafter be subject to the same provisions herein as apply to any other Confidential Information.

CALDWELL
LESLIE &
PROCTOR

-4-

9.     The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than Qualified Persons, either during the pendency of this action, or subsequent to its final determination.  The Parties and their counsel shall take reasonable precautions to ensure that no unauthorized disclosure of Confidential Information occurs.

10.     If a Party files papers with the Court that include Confidential Information, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal (the "Application").  If the filing Party is the designating Party, the Application must demonstrate good cause for filing the document under seal.  If the filing Party is not the designating Party, then in addition to any other basis for filing under seal, the filing Party shall set forth in the Application efforts (if any) the filing Party made to avoid filing under seal, including but not limited to the filing of selected portions of the document in question or the redaction of irrelevant confidential information.  The non-filing Party shall have five (5) court days to file papers (if any) in support of or opposition to the under seal filing.  The Application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the Application, the papers or portions thereof subject to the Application shall be lodged under seal.

11.     Upon the final determination of this action (and all appeals), whether by final non-appealable judgment, settlement or otherwise:

(a)     The Court shall retain jurisdiction to address any violations of this Protective Order and such continuing jurisdiction shall be recited in any judgment or order or dismissal unless the Court orders otherwise or the Parties agree in writing otherwise;

(b)     Counsel of record for each Party receiving Confidential Information shall, upon written request by the Party that produced the Confidential Information, either assemble and return to the disclosing Party all Documents designated as Confidential or shall assemble and destroy all

Documents and things containing such Confidential Information, including all summaries or other material containing or disclosing Confidential Information, the destruction of which shall be confirmed in writing to the disclosing Party within thirty (30) days of a request for such return or destruction made by the Party producing the Confidential Information. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. However, nothing herein shall require any Party or counsel to disclose to any other Party or counsel any materials protected by the attorney-client privilege or attorney-work product doctrine even if they contain another Party's Confidential Information. Such materials shall be destroyed, not returned, in response to a request made pursuant to this Paragraph. In addition, the Parties need not return or destroy materials containing information that was previously designated as Confidential to the extent that such information was made public or publicly available in connection with the trial on this matter in accordance with the Court's Standing Order Re: Protective Orders and Treatment of Confidential Information. Also, nothing herein shall preclude counsel of record from maintaining one copy of all Court filings in connection with the action even if they contain Confidential Information, but such counsel of record shall continue to treat such filings containing Confidential Information according to the protections afforded by this Protective Order but only to the extent that such information was not made public or publicly available in connection with the trial on this matter in accordance with the Court's Standing Order Re: Protective Orders and Treatment of Confidential Information.

12.    Nothing in this Stipulated Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any

CALDWELL
LESLIE &
PROCTOR

-6-

document, material, transcript, or other information that is not otherwise relevant, authenticated, or admissible, or does not possess an adequate foundation.

13.     If any Party desires to seek a modification of this Stipulated Protective Order, the procedure for obtaining a decision from the Court is set forth in Local Rule 37.

14.     Inadvertent production by any Party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document.  Any such document and any copies made of it shall be returned to the producing Party immediately upon its request.

15.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to a Party in this case.

16.     In the event a dispute arises regarding this Protective Order or the Parties' activities relating to it (*e.g.*, challenging the propriety of specific designations, objecting to a Party's abuse of its ability to designate materials Confidential, seeking the modification of the Protective Order), the Parties shall follow the procedures set forth in Local Rule 37 to resolve the dispute unless otherwise ordered by the Court.  However, to the extent that a Party challenges the propriety of specific designations and the meet and confer does not resolve the dispute, then the Party asserting the propriety of the designations shall have the responsibility of filing a motion to enforce the designations and, unless it provides its portion of the Local Rule 37 stipulation within ten (10) court days of the unsuccessful meet and confer and unless it files its motion within five court days of the other Party providing its responsive portion of the Local Rule 37 Joint Stipulation, then the Party challenging the designations may treat the materials at issue as if they had no Confidential designation.  If the Party asserting the propriety of the designations timely provides its portion of the Local Rule 37 stipulation and

files its motion to enforce the designations, then the Party challenging the designations shall treat the materials according to the Confidential designations unless or until the Court orders otherwise.  The Party seeking to enforce the Confidential designations shall have the burden on the motion to prove the legal and factual basis for upholding the designations.  On such a motion, the moving Party may not rely upon this Protective Order to meet that burden and this Protective Order creates no presumptions that any particular designations are appropriate or warranted.  With respect to all other disputes relating to this Protective Order (*i.e.*, those disputes not challenging specific designations), unless the Parties agree otherwise or the Court orders otherwise, the Party that first requests a "meet and confer" on the disputed issue raised by the motion made pursuant to Local Rule 37 shall be deemed the "moving Party" under Local Rule 37.  If a Party wants to file under seal the Joint Stipulation required by Local Rule 37, it may file a stipulation to that effect or the Party seeking to file under seal may file an ex parte application making the appropriate request in accordance with Paragraph 10 of this Protective Order.

17.     This Protective Order creates no presumptions that any particular designations are appropriate or warranted and shall not be relied upon by any Party as the basis for designation of any materials as Confidential.

18.     The terms herein are Orders of the Court and not merely recitals, with this document containing the entire Stipulation between the Parties.  This Stipulated Protective Order can only be changed or terminated in a writing signed by each of the Parties hereto **and approved by the Court (FFM)** and/or by an Order of the Court.

/ / /

/ / /

/ / /

/ / /

CALDWELL
LESLIE &
PROCTOR

**19.     Nothing in this order shall be construed as limiting the rights of third parties involved in other actions to conduct discovery or as limiting the subpoena power of any court.  (FFM)**

By the signature of their undersigned attorneys, the Parties and their counsel stipulate that they will be bound by the foregoing provisions and further stipulate that this Stipulated Protective Order may be signed, filed and entered by the Court.


IT IS SO ORDERED.

DATED:_____August 19, 2009_____

/ S /     FREDERICK F. MUMM
_____
UNITED STATES MAGISTRATE JUDGE

CALDWELL
LESLIE &
PROCTOR

-9-

## STATEMENT OF GOOD CAUSE

The Parties have asserted breach of contract claims, among other claims, against one another.   The contract at issue, and the related negotiations, involved commercially sensitive information that one or more of the Parties seeks to protect or may seek to protect, from misuse, such as information regarding revenues, pricing, and cost.  While no Party is admitting that any specific information of the other Parties is necessarily confidential or warrants special treatment, the Parties consider certain of their own business and financial information at issue to be proprietary and commercially sensitive.  In order to accommodate each side's position and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes.  Therefore, the Parties believe good cause exists for this Protective Order.

///
///
///

CALDWELL
LESLIE &
PROCTOR

1          Because the breach of contract at issue does not involve many of these

2   sensitive terms, the Parties would, when possible, file redacted versions of

3   documents containing irrelevant "Confidential" information, rather than seeking to

4   file the entire document under seal.  For instance, Plaintiffs recently filed a

5   redacted version of the contract at issue as an exhibit to the Declaration of Gabriela

6   Kornzweig in Response to Court's May 4, 2009 Order.

7

8   DATED: August 3, 2009          Respectfully submitted,

9                              CALDWELL LESLIE & PROCTOR, PC

10

11                             By _____/s/_____

12                                 LINDA M. BURROW
Attorneys for Plaintiff and Counter-Defendant

13                        UNIVERSAL STUDIOS INTERNATIONAL
B.V. and Plaintiff UNIVERSAL CITY STUDIOS

14                        PRODUCTIONS LLLP

15                        STEPTOE & JOHNSON LLP

16

17                             By ___/s/ per e-mailed authorization_____

18                                 MARK A. NEUBAUER
Attorneys for Defendant and Counter-Claimant

19                        ENTERTAINMENT TELEVISION NETWORK
FZE

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

**ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

This is to certify that I, the undersigned, have read and am fully familiar with the provisions of the Stipulated Protective Order filed and entered in the case *Universal Studios Int'l B.V., et al. v. Entertainment Television Network FZE*, Case No. CV 09-01348 (hereinafter referred to as the "Stipulated Protective Order").

As a condition precedent to the disclosure to me of any Confidential Information pursuant to the Stipulated Protective Order, or my obtaining any information contained in said material, I hereby agree that the Stipulated Protective Order is binding upon me, and I further agree to keep all such material and information in strictest confidence and otherwise to observe, comply with, and be bound by the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed at _____, this ___ day of _____, 2009.

Signature: _____

Name:        _____

Address:    _____

                   _____

Telephone: _____

CALDWELL
LESLIE &
PROCTOR

-12-